THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDY OLIVO, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO: H-08_____ |
| | § | (JURY) |
| v. | § | |
| | § | |
| MFK, LLC, INDIVIDUALLY AND | § | |
| D/B/A I-WIRELESS SERVICE | § | |
| CENTER; NOMAN MEGHANI, | § | |
| YOUSSEF MEGHANI; and FURQUAN | § | |
| KHAN | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I. SUMMARY OF SUIT

1.  Defendants MFK, LLC, Individually and d/b/a I-Wireless Service Center; Noman Meghani, Yousaf Meghani, and Furquan Khan (collectively, the "Defendants") own and operate telephone service centers and failed to pay their non-exempt workers overtime. Instead, employees were simply paid a straight time hourly rate, even though they often worked fifty (50) or more hours in a workweek. In addition, when Plaintiff Sandy Olivo ("Olivo") complained about the Defendants' failure to pay overtime compensation, his employment was terminated.

2.  Accordingly, Olivo brings this action to recover unpaid wages, unpaid overtime wages, liquidated damages, and attorneys' fees owed to him under the Fair Labor Standards Act, 29 U.S.C. Section 216(b)(2008)("FLSA"). In addition, Olivo brings a claim for lost wages and liquidated damages owed to him as a result of

his wrongful termination under Section 215(a)(3) of the FLSA.

## II.  JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction under 29 U.S.C. Section 216(b)(2008) and 28 U.S.C. Section 1331 and Section 1367 (2008).

4.  Plaintiff brings this complaint in the district in which Olivo resides and a substantial part of the alleged conduct occurred.  Accordingly, jurisdiction and venue is proper in this district pursuant to 28 U.S.C. Section 1391(b)(2008).

## III.  THE PARTIES

5.  Olivo is a resident of Harris County, Texas, and was employed by Defendants within the meaning of the FLSA during the two-year period preceding the filing of this complaint.  Olivo worked as a customer service representative for workweeks of more than fifty (50) hours per week.  Olivo was paid on an hourly basis during his employment with Defendants.  In performing his duties, Olivo engaged in commerce or in the production of goods for commerce.

6.  Defendant MFK, LLC is a Texas company doing business in the State of Texas and is engaged in commerce or the production of goods for commerce.  MFK has acted, directly or indirectly, in the interest of an employer with respect to Olivo.  MFK may be served with citation by serving its registered agent, Lavanya Rao at 15031 Rockdale Bridge, Sugar Land, Texas 77478.

-2-

7.    Defendant I-Wireless Service Center is a company doing business in the State of Texas and is engaged in commerce or the production of goods for commerce.   Defendant I-Wireless Service Center has acted, directly or indirectly, in the interest of an employer with respect to Olivo.   Defendant I-Wireless Service Center may be served with citation by serving its owner/manager at 2030 N. Gessner, Houston, Texas 77080.

8.    Defendant Noman Meghani is an individual residing within this district who has engaged in commerce or the production of goods for commerce.   Noman Meghani has acted, directly or indirectly, in the interest of an employer with respect to Olivo and is personally liable for violations of the FLSA by pursuant to 29 U.S.C.A. Section 203(d)(2008).   Noman Meghani may be served with process at 14922 Wybourn Way, Houston, Texas 77083.

9.    Defendant Yousaf Meghani is an individual residing within this district who has engaged in commerce or the production of goods for commerce.   Yousaf Meghani has acted, directly or indirectly, in the interest of an employer with respect to Olivo and is personally liable for violations of the FLSA by pursuant to 29 U.S.C.A. Section 203(d)(2008).   Yousaf Meghani may be served with process at 14922 Wynbourn Way, Houston, Texas, 77083.

10.   Defendant Furquan Khan is an individual residing within this district who has engaged in commerce or the production of goods for commerce.   Furquan Khan has acted, directly or

-3-

indirectly, in the interest of an employer with respect to Olivo and is personally liable for violations of the FLSA by pursuant to 29 U.S.C.A. Section 203(d)(2008).  Furquan Khan may be served with process at 14723 Wynbourn Way, Houston, Texas 77083.

## IV. BACKGROUND

11.  The Defendants own and operate approximately eight (8) telephone service centers in Texas.  The Defendants employ many hourly workers, including Olivo, to work in the service centers as customer service representatives to sell cellular telephones and service contracts.

12.  Olivo regularly worked in excess of forty (40) hours per week.  However, Olivo was not paid at one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours each workweek.  Instead, the Defendants paid Olivo his regular rate of pay regardless of the number of hours he worked.  Further, the Defendants have failed to pay Olivo any wages at all for the hours worked during the week prior to his termination.

## V. UNPAID OVERTIME WAGES

13.  Although Olivo worked more than forty (40) hours per week, he was not compensated for his overtime hours at one and one-half times his regular rate of pay.  Rather, Olivo was paid straight time for all hours worked.  In other words, Olivo received no overtime compensation.

14.  As a non-exempt employee, Olivo was entitled to be paid

-4-

one and one-half times his regular rate of pay for all hours worked in excess of forty hours in a workweek. 29 U.S.C. Section 207(a)(2008). Accordingly, the Defendants practice of failing to pay Olivo overtime compensation is a clear violation of the FLSA.

15.   No exemption excuses the Defendant from paying Olivo's overtime rates for hours worked over forty (40). Nor have the Defendants made a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, wilfully, or with reckless disregard carried out the illegal pattern or practice regarding overtime compensation with respect to Olivo.

16.   The Defendants practice of failing to pay Olivo at one and one-half times his appropriate regular rate was and is in violation of the FLSA.

17.   Accordingly, Olivo is entitled to overtime pay in an amount which is one and one-half times his appropriate regular rates.

18.   Additionally, Olivo is entitled to an amount equal to all of his unpaid overtime wages as liquidated damages.

19.   Finally, Olivo is entitled reasonable attorneys' fees and costs of this action. 29 U.S.C. Section 216(b)(2006).

## RETALIATION

20.   Throughout his employment, Olivo disputed the nonpayment of overtime compensation. On April 11, 2007, Olivo requested in writing that the overtime compensation owed to him be paid

immediately. Olivo's employment was terminated that same day.

21. Olivo's termination was a direct result of, and caused by, his complaint regarding the Defendants' failure to pay overtime compensation. Olivo's termination was and is a violation of 29 U.S.C. Section 215(a)(3)(2008).

22. Further, Olivo's termination is wholly inconsistent with a good faith effort by the Defendants to comply with the FLSA. Instead, the Defendants knowingly, wilfully, or with reckless disregard retaliated against Olivo in violation of the FLSA. Therefore, in addition to attorneys' fees and costs, Olivo seeks compensatory damages, liquidated damages, and punitive damages in connection with the Defendants' retaliatory conduct.

## VIII. PRAYER

WHEREFORE, the Plaintiff Sandy Olivo requests that this Court award Olivo judgment against the Defendants for:

1. damages for the full amount of his unpaid overtime compensation;

2. damages for the full amount of his unpaid wages;

3. an amount equal to his unpaid overtime compensation and unpaid wages as liquidated damages;

4. compensatory damages in connection with retaliation;

5. an amount equal to Olivo's lost wages and benefits as liquidated damages;

6. punitive damages in connection with retaliation;

7. reasonable attorneys' fees, costs and expenses of this action;

-6-

8.    pre-judgment interest and post-judgment interest at
      the highest rates allowable by law; and

9.    such other and further relief as may be allowed by
      law.

                              Respectfully submitted,


                              _____
                              Mark Siurek
                              TBA# 18447900
                              3355 W. Alabama, Suite 1010
                              Houston, Texas  77098
                              713-522-0066 (telephone)
                              713-522-9977 (fax)
                              ATTORNEY IN CHARGE FOR
                              PLAINTIFF SANDY OLIVO


OF COUNSEL:


WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
3355 W. Alabama, Suite 1010
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)

LAW OFFICE OF DOUGLAS B. WELMAKER

Douglas B. Welmaker
TBA# 00788641
Fed. ID# 17038
3355 West Alabama, Suite 1010
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
dwelmaker@warrensiurek.com